IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


MEECIE TERELLE MOORE,              )
                                   )
           Petitioner,             )
                                   )
     v.                            )    1:08CV871
                                   )    1:07CR135-1
UNITED STATES OF AMERICA,          )
                                   )
           Respondent.             )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Meecie Terelle Moore, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 50.)[1] The Court ordered Respondent to respond to that motion and Respondent did so. (Docket No. 58.) Petitioner was then informed that he could file a reply brief. (Docket No. 59.) He initially sought an extension of his time to file a reply (docket nos. 60, 61), but then filed a motion to withdraw his § 2255 motion (docket no. 62). The motion to withdraw stated in its entirety: "Now comes Meecie Terelle Moore to move the Honorable Court to withdrawal his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, Defendant apologizes to the Court for taking up it's time [sic]." It did not state whether Petitioner sought to dismiss his motion with or without prejudice or give a reason for the withdrawal. For that reason, the Court ordered Respondent to respond to Petitioner's motion to dismiss in order to give its position regarding whether the motion should be

---

[1]This and all further cites to the record are to the criminal case.

granted and, if so, whether the dismissal should be with or without prejudice to Petitioner raising the same claims in a later motion.

Respondent filed its brief stating that the motion to withdraw should be granted. Therefore, the motion should be granted and the only remaining question is whether the dismissal should be with or without prejudice. Respondent contends that the dismissal should be with prejudice. It bases its argument on the case of Thai v. United States, 391 F.3d 491 (2d Cir. 2004). There, a petitioner made a successful motion to withdraw his § 2255 motion. The petitioner later sought to file another § 2255. An issue arose as to whether the dismissal of the first motion was with prejudice so that his later petition was a second or successive motion that required permission to file from the circuit court.

The Second Circuit Court of Appeals determined that the question could be answered using the reasons for dismissal as a guide. It noted that when a dismissal is based on reasons such as curable procedural defects or the nonexhaustion of claims, the dismissal should ordinarily be considered to be without prejudice. On the other hand, a dismissal due to a concession by a petitioner that his claims are without merit would be with prejudice. Id. at 495. It held that this approach did "not require difficult inquiries into the subjective intent of the petitioner," but instead should focus only on "whether the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless." Id. It also concluded that the mere fact that the government had filed a response prior to the

-2-

withdrawal was insufficient to conclude that a pro se petitioner was asking to withdraw a motion because it was without merit.

Using Thai as the basis for its argument, the government contends that Petitioner's § 2255 motion should be dismissed with prejudice because his statement that he "apologizes to the Court for taking up it's [sic] time" is an acknowledgment that his § 2255 motion is without merit. In actuality, the statement is far more ambiguous than that. It is true that Petitioner's motion to withdraw does not point to any procedural defect. At the same time, it does not speak to the merits either. The reasons for the proposed withdrawal are a mystery. Fortunately, Petitioner solves that mystery in his reply brief by giving his reasons for dismissal. He states that he wishes to withdraw his § 2255 motion because he is afraid, based on a statement by his former attorney in an affidavit attached to Respondent's response to the § 2255 motion, that the pursuit of the § 2255 motion may harm his chances of receiving a future reduction in his sentence based on substantial assistance. Petitioner states that he has provided the government with useful information concerning other individuals and organizations which he hopes will lead to a sentence reduction. (Docket No. 67.)

Petitioner's situation does not neatly fall into the categories listed in Thai. He does not seek dismissal for procedural deficiencies or a lack of exhaustion, yet does not concede that Respondent is correct on the merits. The dismissal he seeks could best be described not as procedural or substantive, but

as tactical.  Nevertheless, it not a concession that "clearly and objectively indicate[s] that the petitioner knows his or her motion is meritless."  Thai, 391 F. 3d at 495.  This is the standard that the court in Thai required for a dismissal with prejudice and it is not met in this case.  Therefore, Petitioner's motion should be granted, but the dismissal should be without prejudice.[2]

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion dismiss this action (docket no. 62) be **GRANTED** and that his motion to vacate, set aside, or correct sentence (docket no. 50) be **DISMISSED** without prejudice.

                                          /s/ Donald P. Dietrich
                                            **Donald P. Dietrich**
                              **United States Magistrate Judge**

September 16, 2009

---

[2] As noted in this Court's order directing Respondent to file a response to the motion to dismiss, the distinction between a with prejudice or without prejudice dismissal is purely academic as to the claims raised in Petitioner's current § 2255 motion.  Those claims existed at the time of Petitioner's conviction and sentence and will be time-barred by the limitations period set out in § 2255 if he attempts to bring them again in the future.  Petitioner was apprised of this fact in the prior Order and is still pursing withdrawal.  The with/without prejudice distinction matters only as to a future § 2255 motion that contains claims based on entirely new law or evidence that did not exist or could not have been obtained with reasonable diligence at the time of Petitioner's original judgment.  It is unlikely that any such claims will ever exist, but Petitioner would not need permission from the Fourth Circuit Court of Appeals to file such a motion.